## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Wood

v.

Feddon et al.

March 19, 1985

Case No (Law) 9297

By JUDGE DONALD H. KENT

The defendant, E. Neil Rogers, has filed a Motion for Summary Judgment alleging that plaintiff's claim is time barred.

This action was commenced in chancery with a Bill of Complaint filed on July 12, 1983, alleging fraud. The case was transferred to the law side of the Court by an order of October 10, 1984. The plaintiff complains that he was the owner of real estate located in the City of Alexandria and that on August 4, 1962, a deed was recorded transferring title to defendant Feddon. Defendant Rogers notarized the deed and defendants Leigh and Rogers were the settlement attorneys. The plaintiff was in the Armed Services at that time, out of the country, and did not return until 1965. In 1962 the plaintiff gave his brother a power of attorney with authority to act on his behalf with respect to the property. Acting upon his authority, plaintiff's brother signed plaintiff's name to a contract of sale on August 4, 1962. In November 1962 the plaintiff was notified of the transfer of the property by the City of Alexandria. In 1963 and 1965 the plaintiff received inquiries from the Internal Revenue Service concerning his dealings with the defendants Leigh and Rogers. The 1963 inquiry was taken by the plaintiff to the Provost Marshal. In 1965 plaintiff was in Alexandria and was informed by friends that his brother had lost the property due to default in a loan. Upon receiving

this information, plaintiff took back the power of attorney and tore it up. Plaintiff did not discuss the loss of his property with his brother until 1982.

Section 8.01-249 of the Code provides that a cause of action for fraud shall be deemed to accrue when the fraud is discovered or by the exercise of due diligence reasonably should have been discovered. If there was a fraud perpetrated upon the plaintiff and he had made any inquiry in 1965, he surely would have discovered it. His failure to discuss the loss of his property with his brother until 1982 indicates his failure to exercise due diligence to discover the alleged fraud.

The Motion for Summary Judgment is granted.